# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RASHAD JOHNSON, <br><br> Plaintiff, <br><br> vs. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., <br><br> Defendants. | CASE NO. 10cv2184-MMA (MDD) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> [Doc. No. 33] |

Plaintiff Anthony Rashad Johnson, proceeding *pro se*, initiated this action pursuant to 42 U.S.C. § 1983 for purported violations of his civil rights while incarcerated at R. J. Donovan Correctional Facility in San Diego, California. Plaintiff has filed a Second Amended Complaint, which Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b). *See* Doc. Nos. 24, 33. Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e(a). The motion was set for hearing on January 28, 2013, and a briefing schedule was issued in accordance therewith. *See* Doc. No. 34. The December 13, 2012 Notice and Order setting the hearing on the motion was mailed to Plaintiff at his record address. On December 26, 2012, the mail was returned as undeliverable. *See* Doc. No. 35. In consideration thereof, the Court entered a minute order vacating the previously scheduled motion hearing, and

1  issued another Notice of Defendants' pending motion to dismiss with an amended
2  briefing schedule.  *See* Doc. No. 36.  Both court documents were mailed to Plaintiff
3  at his record address.  Approximately one month later, both documents were
4  returned as undeliverable.  *See* Doc. Nos. 37, 38.  To date, Plaintiff has not opposed
5  Defendants' motion to dismiss, nor has he filed any document in this action since
6  April 12, 2012.  *See* Doc. No. 31.  For the reasons set forth below, the Court
7  **GRANTS** Defendants' motion and **DISMISSES** this action in its entirety without
8  prejudice.

## DISCUSSION

10  *1.   Dismissal for Failure to Respond*

11  Plaintiff has failed to respond to Defendants' pending motion to dismiss.  The
12  motion has been pending for four months.  The Ninth Circuit has held a district court
13  may properly grant an unopposed motion to dismiss pursuant to a local rule where
14  the local rule permits, but does not require, the granting of a motion for failure to
15  respond.  *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (providing
16  that the district court did not abuse its discretion in summarily granting defendants'
17  motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to
18  the motion but failed to do so).  Civil Local Rule 7.1.f.3.c provides: "If an opposing
19  party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that
20  failure may constitute a consent to the granting of a motion or other request for
21  ruling by the court."  As such, the Court has the option of granting Defendants'
22  motion on the basis of Plaintiff's failure to respond, and it chooses to do so.

23  Generally, public policy favors disposition of cases on their merits.  *See, e.g.,*
24  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  However, a case
25  cannot move forward toward resolution on the merits when the plaintiff fails to
26  defend his or her complaint against a Rule 12(b) motion.  Thus, this policy lends
27  little support to a party whose responsibility it is to move a case toward disposition
28  on the merits but whose conduct impedes or completely prevents progress in that

direction. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994).

Furthermore, as noted above, all mail sent to Plaintiff in the last three months has been returned as undeliverable. Pursuant to Civil Local Rule 83.11.b, "[a] party proceeding *pro se* must keep the court and opposing parties advised as to current address. If mail directed to a *pro se* plaintiff by the clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the action without prejudice for failure to prosecute." *See also* CIV. L.R. 41.1.b ("Failure to comply with the provisions of the local rules of this court may also be grounds for dismissal under this rule.").

Accordingly, Plaintiff's failure to respond to Defendants' motion to dismiss will be construed as a consent to the dismissal of this action. Also, because Plaintiff has failed to notify the Court of his change of address, despite the Court's rule requiring him to do so, his action is subject to dismissal pursuant to Civil Local Rule 41.1.b.

*2.    Dismissal for Failure to Exhaust Administrative Remedies*

Defendants move to dismiss Plaintiff's Second Amended Complaint for failure to exhaust his administrative remedies prior to initiating this action. Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. *See Roles v. Maddox*, 439 F.3d 1016, 1017 (9th Cir. 2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. *Porter v. Nussle*, 534 U.S. 516, 523 (2002).

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). "A prisoner's concession to

1  nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion
2  applies." *Id*. at 1120. The proper remedy when a "prisoner has not exhausted
3  nonjudicial remedies . . . is dismissal of the claim without prejudice." *Id*.; *see also*
4  *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

5       Defendants demonstrate sufficiently that Plaintiff failed to exhaust his
6  administrative remedies with respect to the claims in his Second Amended
7  Complaint. According to the Ramirez Declaration submitted in support of
8  Defendants' motion, Plaintiff filed two inmate appeals during the relevant time
9  period while incarcerated at R. J. Donovan. However, neither appeal concerned the
10 allegations in the Second Amended Complaint. *See* Ramirez Decl'n ¶ 7. With
11 respect to Plaintiff's claim that he tried to file an inmate grievance but Defendant
12 Pimentel prevented him from doing so, Defendant Pimentel has provided a
13 declaration in which he swears under oath that he did not improperly dispose of any
14 of Plaintiff's inmate appeals, nor did he otherwise attempt to prevent Plaintiff from
15 filing any inmate grievance. *See* Pimentel Decl'n ¶ 4. Furthermore, according to
16 Ramirez, Plaintiff had the opportunity to file an appeal against Pimentel without
17 Pimentel knowing about the appeal, or having access to the appeal so that it could be
18 destroyed. *See* Ramirez Decl'n ¶ 10.

19      In sum, Defendants have shown that the inmate grievance system was made
20 available to Plaintiff. Plaintiff in fact used the system to file two unrelated
21 grievances. However, Plaintiff appears to have not availed himself of that system as
22 to the claims contained in his Second Amended Complaint. As such, Plaintiff has
23 failed to exhaust his administrative remedies and his claims are subject to dismissal
24 without prejudice.

25 ///
26 ///
27 ///
28 ///

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' motion and **DISMISSES** this action without prejudice. The Clerk of Court is ordered to close the case file.

**IT IS SO ORDERED**.

DATED: March 13, 2013

*/s/ Michael M. Anello*

Hon. Michael M. Anello
United States District Judge